Alonzo J. Prey, S.
This is a proceeding on the application of Charles J. Fitzgerald, the life beneficiary of a trust, created by the above-named deceased by her last will and testament for a construction of paragraph fourth of the last will and testament of said deceased in which the petitioner asks that the court determine whether, or not, the trustee is acting with reasonable discretion in fixing the amount of monthly payments for his care and support, and maintenance, pursuant to the terms of said will.
Gertrude K. Freeman died in the City of Clean on the 16th day of April, 1961, leaving a last will and testament, which was duly admitted to probate by the Surrogate of Cattaraugus County on July 7,1961. Letters testamentary were duly issued to the First National Bank of Olean, New York, and also letters testamentary trusteeship, and the First National Bank duly qualified as trustee under said will and continues to act as such.
*852 The fourth paragraph of the will of the said decedent, construction of which is desired by the petitioner, reads as follows: “ fourth: I do hereby give and bequeath to the First National Bank of Olean, N. Y., all the rest, residue and remainder of my property, real, personal, and mixed, to be held in trust nevertheless for the use and benefit of my nephew, Charles J. Fitzgerald. And the .said The First National Bank of Olean, N. Y., is hereby directed to pay to the said Charles J. Fitzgerald such sum as my executor shall deem adequate and sufficient for the care and maintenance of my said nephew Charles J. Fitzgerald; such sum shall be paid to him monthly until said trust fund is exhausted; providing, however, that if said fund is not exhausted during the lifetime of the said Charles J. Fitzgerald, then upon his death, I give, devise and bequeath the rest and remainder of said trust fund to my niece, Gertrude A. Dutton, to my nephew, Clement Keenan, to my niece, Grace Springings, to my nephew Harold J. Keenan, and to my niece, Margaret Keenan, share and share alike.”
The corpus of the trust, created by the fourth paragraph of the will amounts to something over $112,000. The trustee has been paying to the petitioner, as the sole beneficiary of the trust, the sum of $400 a month, which the trustee says was the amount requested in a letter by the petitioner to the trustee in which the petitioner is said to have stated that the sum of $4,700 a year was an approximate amount appropriate for his support and maintenance a year. It is the trustee’s position that the sum of $400 per month is a reasonable and a conscientious exercise of discretion by the trustee which should not be disturbed by the court.
It is well settled in law that where the amount to be paid to a beneficiary of a trust is left to the discretion of the trustee, the court shall not determine the amount to be paid to the beneficiary, unless there is an abuse, or an unreasonable exercise of discretion, exercised by the trustee, which requires modification.
To determine, therefore, the issue, which is presented to the court herein, it becomes necessary to examine closely the language of the will, so that the intent of the testatrix can be ascertained from the words expressed by her in creating the trust. In this case, it is the opinion of the court that the testatrix set forth clearly her intention that the petitioner, Charles J. Fitzgerald, was to benefit from the whole trust if necessary, because she says in paragraph fourth: “ And the said The First National Bank of Olean, N. Y., is hereby directed to pay to the said Charles J. Fitzgerald such sum as my executor shall deem adequate and sufficient for the care and maintenance of *853 ray said nephew Charles J. Fitzgerald; such sum shall he paid to him monthly until said trust fund is exhausted ”.
Even though the testatrix did name remainder beneficiaries, they were to benefit only if there were any funds left after the death of the petitioner. The petitioner, Charles J. Fitzgerald, was the principal object of her bounty, and the remaindermen only incidental, if there was any money left.
The trustee, by paying to the petitioner the sum of $400 a month, must invade the corpus of the trust annually to the extent of about $800 a year, because the income of the trust is insufficient to provide the full payment of $4,800 a year. The petitioner is 55 years of age, and according to the American Experience of Mortality Table, he has a life expectancy of about 17% years. He is not in good health. He has an arrested case of tuberculosis. He is suffering from high blood pressure and must rest, by doctor’s advice, in the afternoon, and he is also being treated for varicose veins. His earnings, as a car salesman, vary from as much as $6,000 a year to $2,494 a year, which he earned in 1962, as shown by his salary withholding statement.
As the court interprets the language of the fourth paragraph of the will, the trustee is under no obligation to preserve any part of the corpus of the trust for the remaindermen. With the exception of one, they are all older than the petitioner, and the testatrix has clearly indicated that he, the petitioner, is the sole and principal object of her bounty.
Therefore, the court feels that the trustee should be most generous in determining what is a reasonable amount for the care, maintenance, and support of the petitioner, and, while under a normal situation, the sum of $400 per month might be considered reasonable, under the circumstances which are present in this situation, the court feels that the sum of $400 per month is unreasonable and inadequate for the care, maintenance and support of the petitioner, within the language and meaning of the trust powers, as set forth in paragraph fourth of said will, and while the court does not presume to set a figure and should not do so, nevertheless, the court can strongly urge the trustee to increase the monthly payments to the petitioner to such an amount as will more accurately meet his needs, even though such payments must, of necessity, require invasion of the corpus of the trust in order to make them.
The testimony introduced would indicate that the petitioner requires approximately a sum of $6,000 per year to live in the modest way in which he lives.
His ability to earn money himself is gradually diminishing and that, therefore, the trustee should use the figure of $6,000 *854 per year as a guide in determining the amount necessary for the petitioner’s care, support and maintenance.
The court finds and decides as follows:
(a) The prayer of the petitioner is granted.
(b) The fourth paragraph of the will of Gertrude K. Freeman, the deceased, is construed to mean that the petitioner, being the principal object of the testatrix’ bounty, the trustee should not be bound by ordinary rules, but should be most generous in expending the income, and corpus of the trust, for the benefit of the petitioner, in such amounts as will, in the modified discretion, and judgment, of the trustees, will more adequately meet the petitioner's annual requirements for the care, support, and maintenance.